**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**SAMERA BUTLER, Indiv. and o/b/o**
**TOP CHOICE HOME CARE,**
Plaintiffs,
v.
**AGING WITH COMFORT,**
**PETRA CAPITAL PARTNERS,**
**SILVERPALM CAPITAL,**
**CHRISTIAN CHIBRAS,**
**JEAN PAUL DESROCHERS, and**
**BESHMIR KRIPA,**
Defendants.
**Case No.:** _____
**JURY TRIAL DEMANDED**

---

**COMPLAINT**
Plaintiffs Samera Butler and Top Choice Home Care LLC, proceeding pro se, allege as follows:
**I. PARTIES**
1. Plaintiff **Samera Butler** is an individual citizen of the United States and a resident of New Jersey.
2. Plaintiff **Top Choice Home Care LLC** is a business entity organized under the laws of Pennsylvania, with its principal place of business located at 208 W Chelten Ave Philadelphia, PA 19144, co-owned and operated by Samera Butler.
3. Defendant **Aging with Comfort INC** is a business entity with a principal place of business located at 8302 Bustleton Ave, Philadelphia, PA 19152.
4. Defendant **Petra Capital Partners LLC** is a business entity with a principal place of business located at 3825 Bedford Ave #203, Nashville, TN 37215.
5. Defendant **Silverpalm Capital Healthcare Partners** is a business entity owned, operated, and controlled by Defendant Christian Chibras, with principal offices located at 68 SE 6 Street, Unit 4010, Miami, FL and/or 68 SE 6 Street, Unit 4007, Miami, FL.
6. Defendant **Christian Chibras** is an individual residing at 68 SE 6 Street, Unit 4010 (and/or Unit 4007), Miami, FL.
7. Defendant **Jean Paul Desrochers** is an individual residing at or doing business at 2130 Corporation Blvd, Fort Lauderdale, FL 33317.
8. Defendant **Beshmir Kripa** is an individual residing at 7929 Anita Drive, Philadelphia, PA 19111.
**II. JURISDICTION AND VENUE**
9. This Court has subject-matter jurisdiction over this action pursuant to **28 U.S.C. § 1331** because Plaintiffs assert claims arising under the laws of the United States, specifically the Racketeer Influenced and Corrupt Organizations Act (**RICO**), **18 U.S.C. §§ 1961–1968**.

10. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to **28 U.S.C. § 1367** because they form part of the same case or controversy.

11. Venue is proper in the Eastern District of Pennsylvania pursuant to **28 U.S.C. § 1391(b)** because Defendant Aging with Comfort INC and Defendant Beshmir Kripa reside in this district, and a substantial part of the events, asset conversions, and injuries giving rise to the claims occurred in Philadelphia, Pennsylvania.

## III. STATEMENT OF FACTS

12. In 2021, Plaintiff Samera Butler and Top Choice Home Care LLC entered into a signed Asset Purchase Agreement (APA) with Defendants to transfer corporate home care assets and a client base.

13. Under the express terms of the mutually executed APA, Defendants agreed to pay Plaintiffs a total sum of **$2.2 million** for the acquisition of these assets.

14. Defendants made an initial down payment of **$300,000** to Plaintiffs.

15. Upon acquiring control of Plaintiffs' client database and operational assets, Defendants intentionally withheld and refused to remit the second installment payment and remaining balance.

16. Despite their material default, Defendants permanently kept Plaintiffs' assets and actively prevented clients from returning to Plaintiffs.

17. Defendants engaged in deceptive behavior, explicitly instructing the acquired clients not to return to Plaintiffs' company, thereby permanently converting Plaintiffs' ongoing business revenues.

18. Upon information and belief, Defendants used the interstate mail and wire systems to misappropriate Plaintiffs' stolen assets, utilizing them to bill Medicaid for approximately **$4 million to $6 million annually**.

19. Instead of satisfying their lawful $2.2 million debt to Plaintiffs, Defendants rerouted the converted Medicaid revenues through interstate commerce to enrich private investors and acquire separate healthcare entities.

20. As a direct result of Defendants' systemic non-payment, asset conversion, and client interference, Plaintiffs suffered catastrophic economic injury, resulting in an unavoidable **$3 million IRS tax debt** including steep, compounding penalties and interest.

21. As a direct and proximate result of Defendants' systemic non-payment, conversion of corporate assets, and bad-faith breach, the massive federal tax liability was structurally transferred as an inescapable burden onto Plaintiff Samera Butler individually.

22. The resulting IRS tax debt led directly to the placement of severe, debilitating personal tax liens against Plaintiff Samera Butler's primary personal residence.

23. Because of these predatory personal tax liens, Plaintiff Samera Butler has been rendered legally and financially unable to sell or refinance her personal home to secure essential emergency funds to support herself and her family.

24. Defendants' multi-year withholding of funds deliberately manufactured an environment of extreme financial desperation, causing Plaintiff Samera Butler to almost lose her personal home to foreclosure on two separate occasions. Plaintiff remains crippled by this ongoing devastation and is currently unable to cover her basic monthly mortgage payments.

25. For several years, Plaintiff Samera Butler attempted to secure the contractually owed funds from Defendants to satisfy these crushing federal tax levies.

26. In 2024, capitalizing intentionally on Plaintiffs' manufactured financial desperation—wherein Samera Butler nearly lost her residential home twice and saw corporate rebuilding rendered impossible by tax levies—Defendants offered a predatory settlement of **$640,000**.

27. Due to extreme, crippling economic duress directly engineered by Defendants' multi-year withholding of funds, Samera Butler had no meaningful choice or bargaining power and was forced to sign the 2024 agreement.

## IV. CAUSES OF ACTION
### COUNT I: Federal Civil RICO Violations (18 U.S.C. § 1962)

24. Plaintiffs incorporate all preceding paragraphs.

25. Defendants formed an "enterprise" engaged in and affecting interstate commerce.

26. Defendants conducted the affairs of this enterprise through a pattern of racketeering activity, utilizing interstate wires and mail to commit fraud, convert business assets, and submit fraudulent Medicaid billings totaling $4M–$6M annually, directly injuring Plaintiffs' business and property.

### COUNT II: Breach of Contract (Pennsylvania Common Law)

27. Plaintiffs incorporate all preceding paragraphs.

28. The 2021 Asset Purchase Agreement constitutes a valid, binding contract co-signed by Samera Butler and Top Choice Home Care LLC.

29. Defendants materially breached the agreement by permanently keeping the corporate assets while failing to pay the remaining balance of the $2.2 million purchase price.

### COUNT III: Fraud in the Inducement

30. Plaintiffs incorporate all preceding paragraphs.

31. Defendants made material misrepresentations regarding their structural intent to fulfill the $2.2 million payment schedule to induce Plaintiffs into surrendering their client base, upon which Plaintiffs reasonably relied to their severe financial detriment.

### COUNT IV: Conversion / Theft by Deceit

32. Plaintiffs incorporate all preceding paragraphs.

33. Defendants intentionally, wrongfully, and without legal justification exerted permanent dominion and control over Plaintiffs' proprietary client accounts and resulting revenues.

### COUNT V: Civil Conspiracy to Defraud

34. Plaintiffs incorporate all preceding paragraphs.

35. The individual Defendants (Chibras, Desrochers, Kripa) and corporate entities combined and conspired with a common unlawful purpose to strip Plaintiffs of assets, withhold payments, and divert converted funds to alternative investments.

### COUNT VI: Economic Duress & Rescission of the 2024 Settlement

36. Plaintiffs incorporate all preceding paragraphs.

37. The 2024 settlement agreement was executed under severe, manufactured economic duress and business compulsion that overbore the free will of Samera Butler.

38. Because the settlement was procured through unconscionable bad faith and financial strangulation, it is voidable and must be legally rescinded.

**COUNT VII: Unjust Enrichment**

39. Plaintiffs incorporate all preceding paragraphs.

40. Defendants received a massive, inequitable financial windfall from Plaintiffs' client assets at the exclusive expense of Plaintiffs.

**COUNT VIII: Intentional Infliction of Emotional Distress (IIED)**

41. Plaintiffs incorporate all preceding paragraphs.

42. Defendants' deliberate, multi-year conduct in manufacturing financial desperation, forcing the loss of business, and causing Samera Butler to nearly lose her home twice was extreme and outrageous, causing severe emotional and physical distress.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, granting the following relief:

- Order the complete rescission of the coerced 2024 settlement agreement;
- Award compensatory damages for the unpaid original contract balance and converted corporate revenues;
- Award special damages covering the $3 million in IRS tax debts, penalties, and interest directly caused by Defendants' actions;
- Award treble (triple) damages and reasonable attorney fees pursuant to federal civil RICO provisions (**18 U.S.C. § 1964(c)**);
- Award punitive damages for intentional fraud, conversion, and conspiracy; and
- Any further relief this Court deems just and equitable.

**Date:** July 13, 2026

**Respectfully submitted,**

*/s/ Samera Butler*

Samera Butler, Plaintiff Pro Se

216 n 5th Ave Unit 3 Long Branch, NJ 07740

732-664-6088

Topchoicehomecare@gmail.com

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Samera Butler (Indiv. and o/b/o Top Choice Home Care LLC)

### DEFENDANTS
Aging with Comfort INC, Petra Capital Partners LLC, Silverpalm Capital, Christian Chibras, Jean Paul Desrochers, Beshmir Kripa

**(b)** County of Residence of First Listed Plaintiff    Monmouth
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 340 Marine | | | ☐ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability   ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice   ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. §§ 1961 − 1968 and 28 U.S.C. § 1331
Brief description of cause:
Civil RICO violations involving a pattern of racketeering activity, wire fraud, and conversion of corporate assets, alor

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ 7,200,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.