IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMERA BUTLER, | : | |
| *Individually and on behalf of Top Choice* | : | |
| *Home Care,* | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-4855 |
| | : | |
| AGING WITH COMFORT, *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 15th day of July 2026, upon consideration of the Complaint (ECF No. 2), Motion to Proceed *In Forma Pauperis* (ECF No. 1), and Notice of Voluntary Withdrawal of IFP Application (ECF No. 5) filed by *pro se* Plaintiff Samera Butler, individually and on behalf of Top Choice Home Care without retaining counsel,[1] it is **ORDERED** that:

1.      Butler's Motion to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED** based on her notice of voluntary withdrawal of her motion indicating she has sufficient funds to pay the fees in this case.

---

[1] In addition to claims on behalf of herself, Butler attempts to bring *pro se* claims on behalf of Top Choice Home Care.  However, she may not proceed *pro se* as Top Choice Home Care's representative.  Although individuals who are not attorneys may prosecute "their own cases" *pro se* in federal court pursuant to 28 U.S.C. § 1654, "[t]he federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'"  *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)). Accordingly, Butler may not proceed *pro se* in this case for claims brought on behalf of Top Choice Home Care.  Furthermore, an artificial entity may only appear in federal court through licensed counsel.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, . . . that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities." (citations omitted)).

2.  For Top Choice Home Care to proceed as a Plaintiff in this case, the appropriate representative of Top Choice Home Care must: (1) retain counsel on its behalf, who is admitted to practice in this Court, and have counsel file a notice of appearance within thirty (30) days of the date of this Order; and (2) remit $405 (the $350 filing fee and $55 administrative fee) to the Clerk of Court within thirty (30) days of the date of this Order.

3.  In the event, the appropriate representative of Top Choice Home Care retains counsel as directed in paragraph 2 and pays $405, Butler **does not** need to pay the filing fees for her individual claims.  **Only one payment totaling $405 is required.**

4.  **However**, if Butler wishes to proceed only on the claims brought in her personal capacity and seeks to dismiss Top Choice Home Care as a Plaintiff, she may file a notice of such intent and $405 filing fees must be remitted to the Clerk of Court within thirty (30) days of the date of this Order.  The Court reiterates that only one payment totaling $405 is required.

5.  If Butler and/or the appropriate representative of Top Choice Home Care fail to comply with this Order, their claims may be dismissed without further notice for failure to prosecute.

**BY THE COURT:**

**/s/ Juan R. Sánchez**

**JUAN R. SÁNCHEZ, J.**