**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMERA BUTLER, Indiv. and o/b/o TOP CHOICE HOME CARE,<br><br>Plaintiffs,<br><br>v.<br><br>AGING WITH COMFORT, PETRA CAPITAL PARTNERS, SILVERPALM CAPITAL, CHRISTIAN CHIBRAS, JEAN PAUL DESROCHERS, and BESHMIR KRIPA<br><br>Defendants. | Civil Action No. 2:26-cv-04855-JS |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT PETRA CAPITAL PARTNERS LLC**

Defendants Aging with Comfort, Inc. ("AWC"), Petra Capital Partners LLC ("Petra"), Silverpalm Capital, Christian Chibras, Jean Paul Desrochers, and Beshmir Kripa (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Opposition to Plaintiffs' Request for Entry of Default against Defendant Petra Capital Partners LLC. For the reasons set forth below, the Clerk of Court should deny the Request and should not enter default against Petra.

## INTRODUCTION

On this date, undersigned counsel filed an Entry of Appearance on behalf of all Defendants in this matter, including Petra Capital Partners LLC. Defendants note that on August 11, 2026, Plaintiffs filed an Amended Complaint, (ECF No. 14), and also filed a Request for an Entry of Default under Fed.R.Civ.P. 55(a) against Defendant Petra Capital Partners, LLC ("Petra") on the original complaint. (ECF No. 15). Defendants further note that Plaintiff Top Choice Home Care ("Top Choice") remains unrepresented at this time. Defendants intend to vigorously defend this

action and will file a responsive pleading shortly. No entry of default should be entered against Petra.

## ARGUMENT

The Clerk of this Honorable Court may not enter a default against Petra and in favor of Top Choice, an unrepresented entity. As a legal entity, Top Choice cannot proceed *pro se* in this Court. Because Top Choice Home Care LLC is not properly before this Court, Plaintiff cannot obtain a valid entry of default judgment against any Defendant, including Petra. Any request for default premised on a complaint filed by an entity lacking legal capacity to prosecute is void *ab initio*.

Additionally, on August 11, 2026, Plaintiffs filed an Amended Complaint in this matter against all Defendants, including Petra. (ECF No. 14). It is black letter law that the filing of an amended complaint supersedes and replaces the original complaint, rendering the original complaint a nullity. *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002); *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) ("[A]n amended pleading—like the amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity.") (citation omitted); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed.) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies . . . "). *See also Huertas v. TransUnion, LLC*, No. 08-244, 2009 WL 10690329, at *3 (D.N.J. Nov. 10, 2009) (setting aside default because "upon the filing of an amended complaint, the original complaint no longer performs any function in the case," "because the original complaint upon which the motion for default judgment relied no longer exists") (internal quotation marks and citations omitted); *Fake v. Pennsylvania*, No. 2:20-cv-01283, 2025 WL 968301, at *1 (E.D. Pa. Mar. 31, 2025) ("Courts within the Third Circuit have found it

appropriate to set aside an entry of default granted on a prior complaint once a subsequent complaint is filed.") (citation omitted).

Plaintiffs cannot simultaneously proceed on an amended complaint while seeking default based on the now-defunct original complaint. The original Complaint, (ECF No. 2), is no longer an operative pleading. Because the Amended Complaint is now the operative pleading in this case, any request for entry of default must be based upon Defendants' response (or lack thereof) to the Amended Complaint—not the superseded original Complaint. Petra's time to respond to the Amended Complaint has not yet expired.

Finally, ss evidenced by the Entry of Appearance filed on this date, undersigned counsel represents all Defendants in this matter, including Petra Capital Partners LLC. Petra intends to vigorously defend against Plaintiffs' claims and will file a responsive pleading to the Amended Complaint in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. The strong policy preference in the Third Circuit is to resolve cases on the merits rather than by default. An entry of default where counsel has appeared and the defendant intends to file a responsive pleading would contravene this well-established policy.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Clerk of Court deny Plaintiffs' Request for Entry of Default against Defendant Petra Capital Partners LLC and refrain from entering any default on the docket.

Dated: August 14, 2026

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Ely Goldin*
Ely Goldin, Esq.
Pa. Bar No. 75937
Fox Rothschild LLP
980 Jolly Road, Suite 110
Blue Bell, PA 19422
Telephone: (610) 397-6509
Email: egoldin@foxrothschild.com

*Attorneys for Defendants Aging with Comfort, Inc., Petra Capital Partners LLC, Silverpalm Capital, Christian Chibras, Jean Paul Desrochers, and Beshmir Kripa*

**CERTIFICATE OF SERVICE**

I, Ely Goldin, hereby certify that on August 14, 2026, the foregoing Opposition to Plaintiffs' Request for Entry of Default Against Defendant Petra Capital Partners LLC was filed electronically via the Court's CM/ECF system, which will send notification of such filing to all registered participants. Because Plaintiff Samera Butler is proceeding *pro se* and may not be a registered CM/ECF participant, a true and correct copy of this filing was also served upon Plaintiff via first-class U.S. Mail at the following address:

Samera Butler
216 N. 5th Ave, Unit 3
Long Branch, NJ 07740
Topchoicehomecare@gmail.com

*/s/ Ely Goldin*
Ely Goldin, Esq.