**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMERA BUTLER, Indiv. and o/b/o<br>TOP CHOICE HOME CARE,<br><br>*Plaintiffs,*<br><br>v.<br><br>AGING WITH COMFORT,<br>PETRA CAPITAL PARTNERS,<br>SILVERPALM CAPITAL,<br>CHRISTIAN CHIBRAS,<br>JEAN PAUL DESROCHERS, and<br>BESHMIR KRIPA,<br><br>*Defendants.* | CIVIL ACTION NO. 2:26-CV-04855- JS |

**[PROPOSED] ORDER**

**AND NOW**, this ______ day of ___________________ 2026, upon consideration of Defendants, Aging with Comfort, Petra Capital Partners, Silverpalm Capital, Christian Chibras, Jean Paul Desrochers, and Beshmir Kripa's, Motion for Leave to File Under Seal (the "Motion"), it is hereby **ORDERED** that the Motion is **GRANTED**.

**By the Court**:

_________________________________
Juan R. Sanchez
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMERA BUTLER, Indiv. and o/b/o<br>TOP CHOICE HOME CARE,<br><br>*Plaintiffs,*<br><br>v.<br><br>AGING WITH COMFORT,<br>PETRA CAPITAL PARTNERS,<br>SILVERPALM CAPITAL,<br>CHRISTIAN CHIBRAS,<br>JEAN PAUL DESROCHERS, and<br>BESHMIR KRIPA,<br><br>*Defendants.* | CIVIL ACTION NO. 2:26-CV-04855- JS |

**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Rule 5.1.2(6) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, Defendants, Aging with Comfort, Petra Capital Partners, Silverpalm Capital, Christian Chibras, Jean Paul Desrochers, and Beshmir Kripa, by and through their undersigned counsel, move this Court for entry of an order permitting Defendants to file under seal Exhibits A-E to Defendants' Answer, and Defendants' forthcoming Motion for Judgment on the Pleadings, wherein references to the sealed Exhibits may also be redacted.

The reasons the Court should grant this Motion are shown in the accompanying memorandum of law.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

Dated: August 17, 2026

By: */s/ Ely Goldin*

Ely Goldin, Esquire (ID No. 91494)
980 Jolly Rd., Suite 110
Blue Bell, PA 19422
Phone: (610) 397-6500
egoldin@foxrothschild.com
*Attorneys for Defendants Aging with Comfort, Petra Capital Partners, Silverpalm Capital, Christian Chibras, Jean Paul Desrochers, and Beshmir Kripa*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMERA BUTLER, Indiv. and o/b/o<br>TOP CHOICE HOME CARE,<br><br>*Plaintiffs,*<br><br>v.<br><br>AGING WITH COMFORT,<br>PETRA CAPITAL PARTNERS,<br>SILVERPALM CAPITAL,<br>CHRISTIAN CHIBRAS,<br>JEAN PAUL DESROCHERS, and<br>BESHMIR KRIPA,<br><br>*Defendants.* | CIVIL ACTION NO. 2:26-CV-04855- JS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**<u>MOTION FOR LEAVE TO FILE UNDER SEAL</u>**

ELY GOLDIN (ID No. 91494)
FOX ROTHSCHILD LLP
980 Jolly Road, Suite 110
Blue Bell, PA 19422
(610) 397-6509 (telephone)
(610) 397-0450 (facsimile)
egoldin@foxrothschild.com

*Attorneys for Defendants Aging with Comfort, Petra Capital Partners, Silverpalm Capital, Christian Chibras, Jean Paul Desrochers, and Beshmir Kripa*

Date: August 17, 2026

# TABLE OF CONTENTS

**Page**

**I. INTRODUCTION** .......... 1

**II. LEGAL FRAMEWORK** .......... 2

**III. ARGUMENT** .......... 3

**IV. CONCLUSION** .......... 4

## I. INTRODUCTION

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Rule 5.1.2(6) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, and Section I(F) of Your Honor's Policies and Procedures, Defendants, Aging with Comfort, Inc. ("AWC"), Petra Capital Partners LLC, Silverpalm Capital, Christian Chibras, Jean Paul Desrochers, and Beshmir Kripa (collectively, "Defendants"), by and through their undersigned counsel, move this Court for entry of an order permitting Defendants to file under seal a document titled the Confidential Settlement Agreement and Mutual General Release ("Settlement Agreement"), that Plaintiffs and Defendant AWC entered into in 2024.[1] *See* **Exhibit "A."** The document and its Exhibit 1, the Asset Purchase Agreement ("APA"), are referenced to at length in Plaintiffs' Amended Complaint. (ECF No. 14, ¶¶ 12, 13, p. 5 ¶¶ 28, 29, 37).

Not only is "Confidential" in the title of the executed document, the Settlement Agreement also has a confidentiality provision, stating that: "This Agreement and its terms shall be kept confidential by the Parties and shall not be disclosed to any person, corporation, or other entity not a Party to this Agreement." *See* Exhibit A, Section 9. Further, "If this Agreement is to be used for any reason in a court proceeding, it shall first be requested that this Agreement be filed under seal." *Id.* The additional Exhibits that Defendants seek to file under seal are various emails and correspondences with Plaintiffs discussing the various provisions of the Settlement Agreement. *See* **Exhibit "B"** (May 1, 2026 email wherein Plaintiffs admit the matter was settled); **Exhibit "C"** (May 15, 2026 email wherein Plaintiffs again admit settlement was reached, but requests additional payments); **Exhibit "D"** (May 18, 2026 letter from AWC's counsel declining Plaintiffs' request for additional payments under the Settlement Agreement); **Exhibit "E"** (May 18 2026

[1] Unredacted copies of the documents will be provided to the Court and to Plaintiffs via email.

through May 20, 2026 emails from Plaintiffs to New Jersey and Pennsylvania legislators disparaging AWC and disclosing confidential settlement terms).

## II. LEGAL FRAMEWORK

Federal Rule Civil Procedure 5.2(d) provides that "[t]he court may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2(d). Section I(F) of Your Honor's Policies and Procedures reminds parties to refer to Rule 5.1.2, Section 6, of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, and states that "sealed filings should be accompanied by a motion for leave to file under seal."

In a non-trial setting, Courts permit the filing of exhibits to motions under seal when the filing party satisfies the common law right of access standard. *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019) (citations omitted). While "[t]here is a presumptive right of public access to pretrial motions of a non-discovery nature," "the common law right of access is not absolute" and "may be rebutted." *Id.* at 672 (citations and internal quotation marks omitted). In order to do so, a movant must do more than present mere "[b]road allegations of harm, bereft of specific examples or articulated reasoning." *Id.* at 673 (citation and internal quotation marks omitted). Rather, a "movant must show that the material [to be sealed] is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at 672 (citation and internal quotation marks omitted).

Courts in this District have permitted movants to file under seal documents that "are sources of business information that might harm a litigant's competitive standing." *Fed. Trade Comm'n v. Thomas Jefferson Univ.*, No. 20-01113, 2020 WL 5519353, at *1 (E.D. Pa. Sept. 14, 2020) (quoting *Advandia*, 924 F.3d at 679). Examples of such documents include materials that contain "business information that, if disclosed, might harm a Defendant's ability to compete."

*Thomas Jefferson*, 2020 WL 5519353, at *1. Courts in this District likewise have permitted the filing under seal of "financial account information" and "business information." *Three Bros. Supermarket Inc. v. United States*, No. 2:19-CV-2003-KSM, 2020 WL 5749942, at *4 (E.D. Pa. Sept. 25, 2020) ("[T]he Government has shown that disclosure of comparator's business information, Three Brothers' financial account information, and the personal identifying information of individuals is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury.") (internal quotation marks omitted).

## III. ARGUMENT

Plaintiffs and Defendant AWC entered into the ***Confidential*** Settlement Agreement and Mutual General Release intending for the document to be kept confidential. *See* Exhibit A, Section 9. A true and correct copy of the Settlement Agreement has been provided to the Court and to Plaintiffs via email.

The Settlement Agreement satisfies the standard for sealing because if publicly filed, the parties would suffer harm to their financial and privacy interests, as well as potential harm to their ability to compete, as the Settlement Agreement contains information identifying (a) Plaintiff Butler's driver's license, (Exhibit A, at Ex. 5); (b) Plaintiff Top Choice's banking information, (Exhibit A, at Ex. 4); (c) Plaintiff Top Choice's W-9, (Exhibit A, at Ex. 7); (d) financial information regarding the sale of Top Choice to AWC. (*See generally* Exhibit A). Likewise, Exhibits B-E also satisfy the standard for sealing because the emails and letter reference the details of the Settlement Agreement that require confidentiality. True and correct copies of the documents have been provided to the Court and to Plaintiffs via email.

Public disclosure of such information would put Plaintiffs' personal and financial information at risk. Further, the Settlement Agreement contains information about AWC's acquisition of home care business assets, and could prompt one or more of AWC's competitors to

attempt to undercut those prices in future acquisitions and/or provide potential competitors or sellers with an unfair advantage in any future sales negotiations. These are the sort of "clearly defined and serious injur[ies]" that merit sealing. *See Three Bros.*, 2020 WL 5749942, at *4 (internal quotation marks omitted). Thus, Exhibits A-E to Defendants' Answer and Defendants' upcoming Motion for Judgment on the Pleadings which discusses these documents in detail should be filed under seal, because the parties' interests in keeping these documents confidential outweighs the public interest in access to these judicial records.

## IV. CONCLUSION

For all of these reasons, the Court should grant Defendants' motion for leave to file under seal.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

Dated: August 17, 2026

By: *<u>/s/ Ely Goldin</u>*
Ely Goldin, Esquire (ID No. 91494)
980 Jolly Rd., Suite 110
Blue Bell, PA 19422
Phone: (610) 397-6500
egoldin@foxrothschild.com
*Attorneys for Defendants Aging with Comfort, Petra Capital Partners, Silverpalm Capital, Christian Chibras, Jean Paul Desrochers, and Beshmir Kripa*

**CERTIFICATE OF SERVICE**

I, Ely Goldin, hereby certify that on August 17, 2026, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notification of such filing to all registered participants. Because Plaintiff Samera Butler is proceeding *pro se* and may not be a registered CM/ECF participant, a true and correct copy of this filing was also served upon Plaintiff via first-class U.S. Mail at the following address:

Samera Butler
216 N. 5th Ave, Unit 3
Long Branch, NJ 07740
Topchoicehomecare@gmail.com

/s/ Ely Goldin
Ely Goldin, Esq.