IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMERA BUTLER,<br>*Individually and on behalf of Top Choice Home Care*<br><br>v.<br><br>AGING WITH COMFORT, et al. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No. 26-4855 |

**ORDER**

AND NOW, this 20th day of August, 2026, upon consideration of Plaintiff Samera Butler's Request for Clerk's Entry of Default Against Defendant Petra Capital Partners LLC (ECF No. 15) and Defendant Petra Capital Partners LLC's response, it is ORDERED the Request is DENIED.[1]

---

[1] On July 13, 2026, Plaintiff Samera Butler commenced this action by filing a pro se Complaint against Petra Capital Partners LLC ("Petra") and various other Defendants. Butler purportedly filed the Complaint both individually and on behalf of Top Choice Home Care LLC ("Top Choice"), a business entity she co-owns. ECF No. 2. On July 15, 2026, however, the Court advised Butler she could not proceed pro se as Top Choice's representative. ECF No. 6. Rather, Top Choice may proceed as a plaintiff in this case only through licensed counsel. *See id.* The Court granted Top Choice 30 days in which to retain counsel and have counsel file a notice of appearance. *Id.* That deadline has since been extended to September 17, 2026. ECF No. 13. No attorney has appeared on behalf of Top Choice in this action to date.

Despite this defect in the Complaint, Butler proceeded with service, and on July 31, 2026, she filed an affidavit of service indicating Petra had been served with a summons and complaint on July 22, 2026. ECF No. 11. Then, on August 11, 2026, the day before Petra's response would have been due, Butler filed an Amended Complaint, also purportedly on behalf of both herself and Top Choice. ECF No. 14. Two days later, Butler requested entry of Petra's default for failing to respond to her original Complaint. ECF No. 15. On August 14, 2026, counsel appeared for Petra and the other Defendants and filed an opposition to the request for default. ECF Nos. 17, 24. Defendants have since answered the Amended Complaint and filed a motion for judgment on the pleadings. ECF Nos. 26, 30.

Federal Rule of Civil Procedure 55(a) directs the Clerk of Court to enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Here, however, entry of default would be improper in light of Butler's filing of an Amended Complaint before Petra's response to the original Complaint was even due. *See Matevosian Enters., Inc. v. Islick Trading LLC*, No. 23-23136, at *1 n.1 (D.N.J. Aug. 28, 2025) (holding the filing of an amended complaint which superseded the original complaint rendered moot the entry of default on the original complaint); *Enigwe v. Gainey*, No. 10-684, 2012 WL 213510, at *3 (E.D. Pa. Jan. 23, 2012)

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

(holding the filing of an amended complaint rendered a request for entry of default as to an earlier complaint moot). Indeed, as noted, Petra has since answered the Amended Complaint. Accordingly, Butler's request for entry of Petra's default is denied.