**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SAMERA BUTLER, Indiv. and o/b/o
TOP CHOICE HOME CARE,

*Plaintiffs,*

v.

AGING WITH COMFORT,
PETRA CAPITAL PARTNERS,
SILVERPALM CAPITAL,
CHRISTIAN CHIBRAS,
JEAN PAUL DESROCHERS, and
BESHMIR KRIPA,

*Defendants.*

CIVIL ACTION NO. 2:26-CV-04855- JS

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, by and through their undersigned counsel, respectfully submit this Reply Brief in further support of their Motion for Judgment on the Pleadings (ECF No. 28).[1]

## I. INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings, (ECF No. 31), fails to substantively address any of the legal arguments raised in Defendants' Motion (ECF No. 28). Instead of addressing the binding effect of the Confidential Settlement Agreement and Mutual General Release's ("Settlement Agreement") releases, Plaintiffs' ratification of the Settlement Agreement, the Amended Complaint's, (ECF No. 14), Rule 9(b) deficiencies, or the intracorporate conspiracy doctrine barring jurisdiction, Plaintiffs devote their entire brief to

[1] Pursuant to Section II-E(8) of this Honorable Court's Policies and Procedures, reply briefs submitted in support of a "motion for summary judgment or other dispositive motion" are permitted without leave of Court. Defendants' Motion for Judgment on the Pleadings, which seeks dismissal of this action with prejudice, is a "dispositive motion" within the meaning of the Court's Policies and Procedures.

relitigating the fairness of the 2021 Asset Purchase Agreement ("APA") and the events of 2022. These pre-settlement grievances are precisely the claims that were resolved by the 2024 Settlement Agreement; the very agreement whose release bars all of Plaintiffs' claims.

## II. PLAINTIFFS HAVE WAIVED THEIR OPPOSITION TO DEFENDANTS' LEGAL ARGUMENTS

Although Defendants' Motion raised multiple independent grounds for dismissal of Plaintiffs' Amended Complaint[2], Plaintiffs' Opposition does not address *any* of these legal arguments. It does not argue that the release is inapplicable, it does not dispute ratification, it does not address the Rule 9(b) deficiencies, and it does not address the intracorporate conspiracy doctrine. Instead, the Opposition is devoted entirely to factual grievances about the 2021 APA and payment disputes in 2022. These matters preceded and were then resolved by the 2024 Settlement Agreement. *See Schwartz v. Chase*, No. 4274, 2010 WL 2601608, at *4 (Del. Ch. Ct. June 29, 2010) ("Delaware law favors the voluntary settlement of contested suits, and such arrangements will bind the parties where they agree to all material terms and intend to be bound by that contract.") (internal quotation marks and citations omitted).

In the Third Circuit, a party's failure to respond to an argument raised in a dispositive motion results in a waiver of opposition to that argument. *See Reeves v. Travelers Cos.*, 296 F. Supp. 3d 687, 691-92 (E.D. Pa. 2017) (when a party "fails to address the substance of any challenge to particular claims, that failure constitutes an abandonment of th[o]se causes of action and essentially acts as a waiver of these issues.") (citations and internal quotation marks omitted); *Ankele v. Hambrick*, 286 F. Supp. 2d 485, 496 (E.D. Pa. 2003) ("Plaintiff makes no response to this argument, and thus has waived his opportunity to contest it."). As Plaintiffs failed to respond

[2] The Amended Complaint was filed without the 14-day notice required under L.R.7.1(c).

to any of Defendants' arguments in favor of dismissal, each is deemed conceded. This failure alone is fatal, and warrants entry of judgment on the pleadings in Defendants' favor.

## III. AS A MATTER OF LAW AND ON THE PLEADINGS, THERE IS NO BASIS UPON WHICH THE SETTLEMENT AGREEMENT MAY BE VOIDED OR RESCINDED

At most, giving Plaintiffs every benefit of the doubt, the Amended Complaint alleges that Plaintiffs settled the dispute under economic duress and under circumstances constituting business compulsion that overrode Plaintiffs' free will. Attached to Plaintiffs' Opposition are various emails and text messages that Plaintiffs allege support their tale, but actually do not. These allegations are directly contradicted by the express terms of the Settlement Agreement itself. Among other things, the Settlement Agreement provides that:[3]

- [redacted] (ECF No. 26, Ex. A, Section 2).
- [redacted] (ECF No. 26, Ex. A, Section 7).
- [redacted] (ECF No. 26, Ex. A, Section 15).
- [redacted] (ECF No. 26, Ex. A, Section 19).

[3] Defendants are redacting citations to the Settlement Agreement, as the Court permitted its filing under seal. (ECF No. 32). Defendants will provide unredacted copies of their Reply to Plaintiffs and the Court via email.

- [redacted] (ECF No. 26, Ex. A, Section 8(d)).

The Settlement Agreement is a fully integrated document. Section 18 expressly provides that the Agreement [redacted] (ECF No. 26, Ex. A, Section 18). Under the parol evidence rule, a party may not contradict the terms of an integrated written contract with extrinsic evidence. *Park7 Student Housing, LLC v. PR III/Park7 SH Holdings, LLC*, 340 A.3d 614, 619 (Del. Ch. 2025) ("An integration provision alone precludes consideration of a pre-contract understanding based on extracontractual statements that conflict with the terms of the integrated contract. So the plaintiff cannot plead justifiable reliance on those conflicting and superseded pre-contract extracontractual statements.") (citations omitted). Plaintiffs cannot now disavow their own representations that they executed the Settlement Agreement "voluntarily" and "without duress or undue influence."

Beyond integration, there is no plausible claim for rescission. Rescission is a rare and extraordinary remedy. *GBSP Hldgs., LLC v. Walker*, No. 9413, 2024 WL 4799490, at *28 (Del. Ch. Nov. 15, 2024) ("Rescission is an extraordinary remedy and is granted in rare scenarios.") (internal quotation marks and citation omitted). Furthermore, rescission is unavailable here because Plaintiffs retained the full benefit of the [redacted] settlement proceeds. To obtain rescission, a party must return the benefits received and restore the parties to the position they occupied immediately prior to the agreement. *See Strassburger v. Earley*, 752 A.2d 557, 578 (Del. Ch. 2000). Plaintiffs have done no such thing; they kept every dollar.

Finally, while Plaintiffs use the word "voidable," they never actually took steps to void the Settlement Agreement. Putting aside the fact that the Settlement Agreement is neither void nor voidable, ratification destroys a party's ability to later claim the document is void, even if a party claims duress. *See Restatement (Second) of Contracts* § 380 ("Rescission of a voidable contract requires a manifestation of intention not to be bound."); *Hopewell Logistics, Inc. v. Boomi, L.P.*, No. N25C-04-304 , 2026 WL 2111406, at *7 (Del. Super. Ct. June 30, 2026) ("Ratification results if the party who executed the contract under duress accepts the benefits flowing from it or remains silent or acquiesces in the contract for any considerable length of time after opportunity is afforded to annul or void it.") (citation omitted). Here, Plaintiffs accepted 19 scheduled payments over approximately 18 months without objection. On May 1, 2026, Plaintiffs confirmed receipt of the final payment and expressly thanked AWC for "keeping their word." (ECF No. 26, Ex. E).

In short, aside from the fact that the Amended Complaint fails to articulate any facts that could give rise to a plausible claim for economic duress or rescission. Plaintiffs' Opposition to Defendants' Motion lacks any arguments that could save Plaintiffs' claims from dismissal.

## IV. PLAINTIFFS' *PRO SE* STATUS DOES NOT EXCUSE THEIR FAILURE TO PRESENT LEGAL ARGUMENTS

While *pro se* filings are held to "less stringent standards than formal pleadings drafted by lawyers," (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), *pro se* litigants must still comply with the same rules of procedure and substantive law that govern represented parties. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("*[P]ro se* litigants still must allege sufficient facts in their complaints to support a claim.") (citation omitted); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") (citation omitted). *See also Muhammed v. Cameron*, No. 10-34, 2011 WL 3862388, at *3 (W.D. Pa. Aug.

1, 2011) ("any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.") (citation omitted).

The Court is not required to construct legal arguments on Plaintiffs' behalf or to excuse a complete failure to engage with dispositive legal issues. Even construing the Opposition with the utmost liberality, it simply does not address, and cannot overcome, the deficiencies Defendants identified in Plaintiffs' Amended Complaint. No amount of liberal construction can create legal arguments that Plaintiffs never made.

Furthermore, despite this Court's directive that Plaintiff Butler retain counsel to continue asserting claims on behalf of Plaintiff Top Choice Home Care, (ECF No. 6), Plaintiff Butler has not done so, and is still filing documents *pro se* and "on behalf of" Top Choice Home Care. Just last week, Plaintiffs filed an array of new requests that the Court take notice of an alleged conflict of interest in Defendants sharing the same legal counsel, (ECF No. 36), and hallucinating federal criminal convictions against Defendant Jean Paul Desrochers ("Desrochers"), including the absurd and false claim that Desrocher was sentenced to five years in federal prison. (ECF No. 33).

Additionally, Plaintiffs filed a "sealed" document on August 18, 2026, (ECF No. 38), to which Defendants have no access. Defendants believe it may be a voluntary withdrawal of the false claims against Defendant Desrocher, as Plaintiffs emailed to counsel for Defendants such a document, and said document never materialized on the docket. If so, it is underhanded of Plaintiffs to publicly make serious claims against Desrocher, yet retract them in secrecy.

## V. CONCLUSION

At bottom, even if Plaintiff engaged an attorney at this stage, the result would be the same. Plaintiffs waived their arguments against Defendants' Motion for Judgment on the Pleadings, and no licensed attorney would take a position this frivolous. For these reasons, and for those set forth in Defendants' Motion, the Motion should be granted and all claims dismissed with prejudice.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

Dated: August 25, 2026

By: */s/ Ely Goldin*

Ely Goldin, Esquire (ID No. 91494)
980 Jolly Rd., Suite 110
Blue Bell, PA 19422
Phone: (610) 397-6500
egoldin@foxrothschild.com

*Attorneys for Defendants Aging with Comfort, Petra Capital Partners, Silverpalm Capital, Christian Chibras, Jean Paul Desrochers, and Beshmir Kripa*

**CERTIFICATE OF SERVICE**

I, Ely Goldin, hereby certify that on August 25, 2026, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notification of such filing to all registered participants. Because Plaintiff Samera Butler is proceeding *pro se* and may not be a registered CM/ECF participant, a true and correct copy of this filing was also served upon Plaintiff via first-class U.S. Mail at the following address:

Samera Butler
216 N. 5th Ave, Unit 3
Long Branch, NJ 07740
Topchoicehomecare@gmail.com

*/s/ Ely Goldin*
Ely Goldin, Esq.