**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMERA BUTLER, Indiv. and o/b/o TOP CHOICE HOME CARE,<br><br>*Plaintiffs,*<br><br>v.<br><br>AGING WITH COMFORT,<br>PETRA CAPITAL PARTNERS,<br>SILVERPALM CAPITAL,<br>CHRISTIAN CHIBRAS,<br>JEAN PAUL DESROCHERS, and<br>BESHMIR KRIPA,<br><br>*Defendants.* | CIVIL ACTION NO. 2:26-CV-04855- JS |

**DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY STAY OF PROCEEDINGS**

Defendants oppose Plaintiffs' Emergency Motion for a Temporary Stay of Proceedings. (ECF No. 41). Although courts routinely grant *pro se* litigants reasonable leeway, this case presents an exceptional situation where Plaintiffs have repeatedly abused that latitude. As detailed below, Plaintiffs' conduct demonstrates that additional accommodation is unwarranted.

**A. Plaintiffs Misused the Time Afforded by This Court**

Plaintiffs have not used the time this Court provided to secure counsel. On July 15, 2026, the Court warned that Top Choice Home Care's claims may be dismissed without further notice unless it retained counsel within thirty days. (ECF No. 6). On August 4, 2026, Plaintiffs sought an extension, representing that the request was "made in good faith" and "not for the purpose of undue delay." (ECF No. 12). The Court granted this extension on August 5, 2026. (ECF No. 13).

Instead of finding counsel, Plaintiffs waged an aggressive litigation campaign. Within days of obtaining the extension, Plaintiffs: (1) filed a baseless Amended Complaint accusing Defendants of operating a criminal RICO enterprise (ECF No. 14); (2) sought improper default against Petra Capital Partners, forcing Defendants to expend legal fees (ECF No. 13); (3) opposed Defendants' Motion for Leave to File Under Seal (ECF No. 31); (4) asked the Court to take judicial notice of fabricated criminal convictions (ECF No. 33); and (5) filed a baseless notice attempting to manufacture a conflict of interest to disqualify undersigned counsel (ECF No. 36).

These are not the actions of a litigant who needs time to find counsel. Plaintiffs exploited their *pro se* status to pursue a campaign causing ongoing reputational and financial harm to Defendants. That Plaintiffs waited until August 25, 2026—after briefing on Defendants' dispositive motion was complete—to schedule their first attorney consultation says everything. (ECF No. 41 at ¶ 5).

**B. No Emergency Exists**

No true emergency exists. Plaintiffs chose to oppose Defendants' Motion for Judgment on the Pleadings on August 17, 2026, the day after the motion was filed. Defendants followed the rules and filed their reply brief on August 25, 2026. Plaintiffs' action set the cadence for subsequent events. The fact that the motion is now fully briefed and ripe for disposition does not create an emergency. This Court's Order of July 15, 2026, made clear that Plaintiffs' claims "may be dismissed without further notice . . . . " (ECF No. 6 at ¶ 5). Regardless of whether such dismissal is for lack of counsel or due to the substantive grounds raised in the Motion, Plaintiffs were on notice that dismissal was a very real possibility. There is no evidence that Plaintiffs treated that possibility with the requisite sense or priority or urgency prior to August 25, 2026.

### C. The Prejudice is Real

The Amended Complaint asserts that AWC, a licensed home care agency, and its investors, former owners and/or former employees are operating a criminal RICO enterprise. The Answer and Affirmative Defenses laid bare what can only be described as an extortionate campaign wherein Bulter filed baseless criminal complaints with state and federal agencies after AWC refused to pay more than what was called for under the Settlement Agreement. The hallucinated accusations of past criminal convictions are *per se* defamatory as a matter of law. *See Ralston v. Garabedian*, 623 F. Supp. 3d 544, 576 (E.D. Pa. 2022) (citation omitted). This lawsuit has caused and continues to cause economic harm and, more importantly, reputational harm. *See Glaxosmithkline LLV v. Boeringer*, 484 F.Supp. 3d 207, 226 (E.D. Pa. 2020) (harm to reputation found to be irreparable because it is "virtually impossible to quantify in terms of money damages") (citing cases). Defendants are running businesses, have other investments, and are subject to contractual and legal disclosure requirements. Any stay of proceedings that delays adjudication of the pending Motion prejudices Defendants.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

Dated: August 26, 2026

By: */s/ Ely Goldin*

Ely Goldin, Esquire (ID No. 91494)
980 Jolly Rd., Suite 110
Blue Bell, PA 19422
Phone: (610) 397-6500
egoldin@foxrothschild.com
*Attorneys for Defendants Aging with Comfort, Petra Capital Partners, Silverpalm Capital, Christian Chibras, Jean Paul Desrochers, and Beshmir Kripa*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMERA BUTLER, Indiv. and o/b/o<br>TOP CHOICE HOME CARE,<br><br>*Plaintiffs,*<br><br>v.<br><br>AGING WITH COMFORT,<br>PETRA CAPITAL PARTNERS,<br>SILVERPALM CAPITAL,<br>CHRISTIAN CHIBRAS,<br>JEAN PAUL DESROCHERS, and<br>BESHMIR KRIPA,<br><br>*Defendants.* | CIVIL ACTION NO. 2:26-CV-04855- JS |

**CERTIFICATE OF SERVICE**

I, Ely Goldin, hereby certify that on August 26, 2026, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notification of such filing to all registered participants. Because Plaintiff Samera Butler is proceeding *pro se* and may not be a registered CM/ECF participant, a true and correct copy of this filing was also served upon Plaintiff via first-class U.S. Mail at the following address:

Samera Butler
216 N. 5th Ave, Unit 3
Long Branch, NJ 07740
Topchoicehomecare@gmail.com

*/s/ Ely Goldin*
Ely Goldin, Esq.